IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLOTTE HUDSON, | : | |
| | : | C.A. No: K14C-01-007 RBY |
| Plaintiff, | : | In and For Kent County |
| | : | |
| v. | : | |
| | : | |
| BOSCOV'S DEPARTMENT | : | |
| STORE, LLC, and DOVER MALL, | : | |
| LP, a Delaware limited partnership, | : | |
| | : | |
| Defendants. | : | |

*Submitted: May 21, 2016*
*Decided: June 22, 2016*

***Upon Consideration of Defendant Boscov's Department Store, LLC's Motion
for Summary Judgment***
**DENIED**

**ORDER**

Nicholas H. Rodriguez, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware
for Plaintiff.

Sarah M. Ennis, Esquire, Margolis Edelstein, Wilmington, Delaware for Defendant
Boscov's Department Store, LLC.

Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin,
Wilmington, Delaware for Defendant Dover Mall, LP.

Young, J.

## SUMMARY

Charlotte Hudson ("Plaintiff") filed an action against Defendants Boscov's Department Store ("Boscov's") and Dover Mall ("Dover Mall") for damages arising out of a slip and fall accident. Boscov's filed a Motion for Summary Judgment. Because material issues of fact remain in dispute, Defendant's Motion is **DENIED**.

## FACTS AND PROCEDURE

Plaintiff alleges that either or both Defendants Boscov's and Dover Mall breached a duty of care to her when they failed to maintain the premises where the accident occurred in a reasonably safe condition. In particular, Plaintiff claims that on February 1, 2013, she slipped and fell on a patch of ice while walking off of a curb in the parking lot behind Boscov's store location at the Dover Mall. As a result, Plaintiff allegedly suffered injuries.

Boscov's claims that it did not owe a duty of care to Plaintiff at the time of her accident. Boscov's first points to the general proposition that, as the managing landlord of the complex, Dover Mall is responsible for maintenance of all areas, including the parking lot where Plaintiff slipped and fell. Second, Boscov's points to the specific Operating Agreement (the "Contract") between itself and Dover Mall. The Contract incorporates a prior lease which expressly states that as landlord, Dover Mall is responsible for maintaining the parking areas.

Plaintiff filed suit on January 7, 2014. On May 2, 2016, Boscov's filed the instant motion for summary judgment. In the motion, Boscov's asserts that it owed no duty of care to Plaintiff under the terms of the Contract between it and Dover

Mall, which expressed the parties' intent to allocate responsibility for relevant maintenance to Dover Mall. Therefore, as a matter of law, Boscov's requests that this Court grant summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate where the record exhibits no genuine issue of material fact so that the movant is entitled to judgment as a matter of law.[1] "Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances."[2] The court should consider the record in the light most favorable to the non-moving party.[3]

## DISCUSSION

Delaware case law notes that "courts often turn to the language of relevant agreements, such as a lease, to determine whether a party held a duty to plaintiffs in slip-and-fall cases involving snow and ice."[4] In doing so, courts may apply the objective theory of contracts to determine whether terms are ambiguous.[5] If the court finds that "reasonable minds could differ as to the contract's meaning," then

---

[1] *Tedesco v. Harris*, 2006 WL 1817086 (Del. Super. June 15, 2006).

[2] *Id*.

[3] *Id*.

[4] *Keating v. Best Buy Stores, LP, et al.*, 2013 WL 8169756, at *2 (Del. Super. March 28, 2013).

[5] *Id.* (citation omitted).

a factual dispute remains and summary judgment is inappropriate.[6]

Here, the legal issue underlying Boscov's motion is whether either or both Boscov's and Dover Mall owed a duty of care to Plaintiff, which Plaintiff claims was breached by failure to maintain the area at issue in a reasonable manner. If Boscov's did not owe a duty of care to Plaintiff because of the parking lot provision in its Contract with Dover Mall, then summary judgment is appropriate. If, however, Boscov's did or may have owed a duty of care to Plaintiff, material facts remain in dispute and summary judgment is inappropriate.

Here, the express language of the Contract assigns responsibility for maintenance of the "parking areas" to Dover Mall. However, as evidenced by the Plaintiff's expert report ("the Report"), citing conflicting deposition testimony regarding which Defendant was responsible for maintenance of the curb, step, and parking lot, the Contract's terms are ambiguous as applied to Plaintiff's accident.

Boscov's notes correctly that during summary judgment analysis, the Court should not find a disputed fact issue present based on mere speculation. Here, however, there is record evidence of disputed facts in the Report. The Report offers alternative assessments of where the accident occurred and which Defendant was responsible for the area. Specifically, the Report states that both Defendants negligently maintained the accident location. In the Report, Plaintiff's expert comments that the duty of maintenance was ambiguous, but nevertheless he opines that Plaintiff's injury was Boscov's' responsibility, at least in part. Since the Plaintiff's expert places these critical, material facts in dispute, it remains unclear

---

[6] *Id.* (citation omitted).

which Defendant or Defendants owed a duty of care to Plaintiff. Therefore, summary judgment is inappropriate at this time.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

          /s/ Robert B. Young
                        J.

RBY/lmc
*Via File and ServeXpress*
cc:    Counsel
       Opinion Distribution